IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00448-DSC

| | |
|---|---|
| **CHAD JEROME CARRIKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **BARNEY BUREN CARRIKER,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss [the Amended Complaint for Lack of Subject Matter Jurisdiction]" (document # 5) and the parties' briefs and exhibits.

Accepting the factual allegations of the Amended Complaint as true, Plaintiff and Defendant are citizens of North Carolina. Defendant is a private citizen and not a government official. Defendant made false statements about Plaintiff that resulted in his involuntary commitment on several occasions. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and Bivens v Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which may be brought only against government officials.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). But courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume

the role of advocate for the pro se plaintiff).  See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

No amount of latitude can salvage Plaintiff's Amended Complaint.  Federal district courts have limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347.

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists.  See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

Plaintiff's Section 1983 and Bivens claims brought against a private citizen are frivolous and do not create federal question subject matter jurisdiction.   Nor is there diversity jurisdiction. This jurisdiction exists only if diversity among the parties is complete – that is, plaintiff and defendants are citizens of different states – and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).   Both parties here reside in Union County, North Carolina.

**NOW IT IS THRERFOE ORDERED that:**

1. "Defendant's Motion to Dismiss [the Amended Complaint for Lack of Subject Matter Jurisdiction]" (document # 5) is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is directed to send copies to of this Order to pro se Plaintiff and to defense counsel.

Signed: October 17, 2022

**SO ORDERED.**

David S. Cayer
United States Magistrate Judge